# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LADEL OLIVER, | Case No. 1:22-cv-0071-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| LT. J. TINGLEY, *et al.*, | (ECF No. 1) |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Anthony Oliver ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 19, 2022, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted*); Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Correction Facility in Tehachapi, California where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) J. Tingley, Lieutenant, and (2) P. Flores, Correctional Officer.

Plaintiff alleges a Due Process violation. On 6/5/21, inmate Cornette put a cell phone under Plaintiff's bunk while Plaintiff was asleep based on a grudge Cornette had against Plaintiff. Cornette went to the Sergeant in D-yard and reported false statements that Plaintiff had a cell phone, when in actuality Cornette had planted the cell phone while Plaintiff was asleep.

All inmates were ordered to walk through a metal detector and detained in the cafeteria. Cells were searched.  The cell phone was found. Plaintiff did not get a cell search slip and was not told that a cell phone had been found.  On June 6, 2021, Plaintiff was informed by unit officer Gongalas that a cell phone device was found under Plaintiff's bunk.  Plaintiff received a Rules Violation Report 115 (RVR).  A copy of the cell search slip was issued to Plaintiff on July 3, 2021.

In preparing for his RVR hearing, Plaintiff made a request for specific bunk area cameras to show that inmate Cornette placed the cell phone under Plaintiff's bunk to retaliate against Plaintiff.  On July 4, 2021, despite Plaintiff's numerous requests for video footage, his many

2

requests were denied. Plaintiff was erroneously found guilty. There are multiple video cameras throughout the dorm which if viewed could have substantiated Plaintiff's innocence and prevented Plaintiff from suffering mental and physical harm from the unjust finding of guilty. Plaintiff lost his job and visiting privileges with his family for 5 years and was placed on C status which prevented Plaintiff from attendance in self-help groups. Plaintiff also lost good time credits.

Original mail staff has been engaging in retaliatory tactics by destroying and withholding Plaintiff's legal documents.

In July 2021, Plaintiff was reassigned to kitchen duties, from his original duties as a porter, although he was placed on C program status. All of Plaintiff's appliances were retrieved for 90 days, and Plaintiff was rehoused in a different building.

As remedies, Plaintiff seeks to have the RVR removed from his case file and his privileges full restored. Plaintiff seeks compensation for mental and physical deprivation.

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. It is unclear what happened at the RVR hearing such that the hearing purportedly violated his constitutional rights. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link each of the Defendants to each alleged constitutional violations. Plaintiff appears to allege a violation of Due Process, but fails to link any defendants. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Conclusory allegations are insufficient. In any amended complaint, Plaintiff should allege what each individual defendant did or did not do that caused the asserted deprivation.

### C. Supervisor Liability

Insofar as Plaintiff is attempting to sue any defendant based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–

77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**D. Federal Rules of Civil Procedure 18 and 20**

To the extent Plaintiff is attempting to join a claim of retaliation with an unrelated claim for denial of Due Process, he is informed that he may not join unrelated claims. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or

occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not join an unrelated claim for retaliation with claims for Due Process violations. In any amended complaint, Plaintiff must choose which defendants and claims he wishes to pursue in this action. If Plaintiff's amended complaint continues to improperly join claims and defendants, however, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.

**E. Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*,

515 U.S. 472 (1995).

Plaintiff does not allege factual support that his disciplinary action failed to comply with the *Wolff* elements. Indeed, it appears that Plaintiff was informed of the charges, had time to prepare a defense, and was allowed to present evidence and witnesses. He complains, however, that he did not have all of the evidence he requested. The Court is not able to discern from the facts what evidence Plaintiff was able to present at his hearing and why he was told video evidence would not be allowed. The lack of video surveillance evidence does not implicate a due process violation under *Wolff*. *Picart v. Pollard*, No. 21-CV-1849 JLS (RBM), 2022 WL 395964, at *8 (S.D. Cal. Feb. 9, 2022); *see Brown v. Ives*, No. 14-cv-0116-DDP PJW, 2014 WL 3534055, at *2 (C.D. Cal. July 16, 2014) (rejecting argument that prison staff denied inmate a fair hearing by preventing him from seeing a video of the incident because no such video existed). To the extent Plaintiff complains of not having the best evidence available, Plaintiff is not entitled to evidence if it will be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases").

To the extent that Plaintiff asserts that there was a due process violation simply by being falsely accused of having a cell phone, he is not entitled to relief. *Hernandez*, 833 F.2d at 1319; *see also Hines v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997) (Ninth Circuit declined to extend the "some evidence" standard to a prison officer's initial accusation of a rule violation). Plaintiff does not assert that he was denied any other procedural protections.

### F.  False RVR Claim Possibly *Heck*–Barred

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81*; Heck v.*

*Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

It is unclear if Plaintiff seeks invalidation the "loss of good time credits" to Plaintiff's sentence or reversal of his RVR conviction. This particular claim may be barred by *Heck v. Humpreys,* 512 U.S. 477 (1994). *Compare Edwards v. Balisok*, 520 U.S. 641, 646 (1987) (holding that § 1983 claim is not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas). Plaintiff alleges that he was subjected to a disciplinary proceeding that was based on false information, resulting in the loss of good time credits. A judgment in favor of Plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See e.g., Cox v. Clark*, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); *McCoy v. Spidle*, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits.").

**G. Job Placement**

Plaintiff complains that he was placed in jobs different from his former porter job. Prisoners do not have a constitutional right to a job while in prison, much less a right to a specific

or desired job placement. *See Marks v. Stewart*, 68 F. App'x 53, 54 (9th Cir. 2003).

**H. Cell Search**

Plaintiff states that staff searched his cell on false information. Although the Fourth Amendment protects against unreasonable searches and seizures, this right has not been extended to searches of prison cells. The Supreme Court has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Therefore, Plaintiff fails to state a cognizable claim to the extent he complains about cell searches.

**I. Legal Mail**

Plaintiff states that staff is responsible for mail violations, including destroying and withholding Plaintiff's legal documents. Plaintiff only makes conclusory allegations without alleging any supporting facts. *See Marks v. Stewart*, 68 F. App'x 53, 54 (9th Cir. 2003) (Where plaintiff made only "conclusory allegations that prison officials interfered with mail," he "failed to show either that the named defendants were personally involved in the handling and distribution of his mail or that he suffered any actual injury as a result of prison officials' alleged interference with his prison mail."). Further, this claim is improperly joined with the claim for Due Process violations.

**J. Housing**

Plaintiff complains that he was moved to different housing. Inmates have no constitutional right to a particular housing classification, nor do they have a right to be housed in a particular prison or unit. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *see Moody v. Daggeett*, 429 U.S. 78, n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Prison officials have broad discretion when housing and disciplining inmates. *See Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991).

### K. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief and fails to comply with Federal Rules of Civil Procedure 8, 18 and 20. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal);

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 7, 2022**                       /s/ Barbara A. McAuliffe            _
                                                     UNITED STATES MAGISTRATE JUDGE

11