# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LADEL OLIVER, | Case No.  1:22-cv-0071-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| LT. J. TINGLEY, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 10) |
| | |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Anthony Oliver ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 19, 2022, was screened and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on March 28, 2022, is currently before the Court for screening.  (ECF No. 10.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted*); Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### II.     Plaintiff's Allegations

Plaintiff is currently housed at California Correction Facility in Tehachapi, California where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) J. Tingley, Lieutenant, and (2) P. Flores, Correctional Officer.

Plaintiff alleges a Due Process violation. In claim 1, Plaintiff alleges:

> "P. Flores: Failed to follow proper protocol and procedure for alledged contraband (cell phone device). Officer Flores did not comply with CDC/R Title XV, subsection: 3287(A)(4) on or about 05 June 2021, Officer Flores acted under color of law when he violated my 8th and 14th Amendment Constitutional rights by alledging that a cell phone device was located under the head of my bunk. He failed to follow proper protocol in such an alledged case as this and not providing a cell search receipt indicating such a finding, per Title XV 3287(A)(4)." (unedited text.)

In claim 2, Plaintiff alleges that Defendant Tingley acted under of color of law on July 4, 2021, when he violated Plaintiff's Eighth and Fourteenth Amendment rights at the RVR hearing related to Officer Flores' RVR report of June 5, 2021. Plaintiff made a written and verbal request for video footage of his bunk area to substantiate that Plaintiff did not place the cell phone device under his buck and did not have knowledge of the device. Plaintiff alleges that the video footage

would have likely shown that inmate Cornette placed the device under Plaintiff's bunk as a set up to cause harm to Plaintiff regarding the parole board and Plaintiff's "overall positive programming and to 'prove' to the administrative authorities that he could no longer coexist with the other inmates on the yard and to be transferred to another prison, which was his main goal – to leave this prison." Plaintiff also requested that several witnesses to inmate Cornette's actions and statement on the day which was denied by RVR hearing officer Tingley. As a result of Officer Flores not following procedures of the cell search, and failing to request footage of the video tape as requested by Plaintiff, Tingley violated Plaintiff's Eighth Amendment rights "by failing to protect [Plaintiff] from the wrongful and unnecessary RVR." Defendant Tingly violated Plaintiff's right by failing to grant proper due process measures during the RVR hearing and caused Plaintiff physical and mental anguish due to the sanctions by the guilty finding.

As remedies, Plaintiff seeks to have the RVR removed from his case file and his privileges full restored. Plaintiff seeks compensation for mental and physical deprivation.

**III.    Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. It is unclear what happened at the RVR hearing such that the hearing purportedly violated his constitutional rights. As Plaintiff was instructed in the prior screening order, Plaintiff was instructed to allege facts to support his denial of Due Process including facts as to why he was denied a video and witnesses. Plaintiff as been unable to cure this deficiency.

3

**B. Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

As stated in the prior screening order, Plaintiff does not allege factual support that his disciplinary action failed to comply with the *Wolff* elements. Indeed, it appears that Plaintiff was informed of the charges, had time to prepare a defense, and was allowed to present evidence and witnesses. He complains, however, that he did not have all of the evidence he requested. The Court informed Plaintiff in the prior screening order that the Court must be able to discern from the facts what evidence Plaintiff was able to present at his hearing and why he was told video evidence or witnesses would not be allowed. The lack of video surveillance evidence does not implicate a due process violation under *Wolff*. *Picart v. Pollard*, No. 21-CV-1849 JLS (RBM), 2022 WL 395964, at *8 (S.D. Cal. Feb. 9, 2022); *see Brown v. Ives*, No. 14-cv-0116-DDP PJW, 2014 WL 3534055, at *2 (C.D. Cal. July 16, 2014) (rejecting argument that prison staff denied

4

inmate a fair hearing by preventing him from seeing a video of the incident because no such video existed). It is unclear whether any such video exists. To the extent Plaintiff complains of not having the best evidence, including witnesses, available, Plaintiff is not entitled to evidence if it will be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases"). While allegations that prison officials refused to call a requested witness could potentially state a cognizable claim, *see Serrano v. Francis*, 345 F.3d 1071, 1079–80 (9th Cir. 2003), the right is not unlimited, *see Williams v. Thomas*, 492 F. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals.... Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify."). Hearing officers may also deny a requested witness on grounds other than institutional safety. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases"). Here, Plaintiff merely states he was denied an opportunity to call witnesses but provides no facts regarding what witnesses he was prevented from calling, why, or what relevant testimony they might have provided. Plaintiff has been unable to cure this deficiency.

To the extent that Plaintiff asserts that there was a due process violation simply by being falsely accused of having a cell phone, he is not entitled to relief. *Hernandez*, 833 F.2d at 1319; *see also Hines v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997) (Ninth Circuit declined to extend the "some evidence" standard to a prison officer's initial accusation of a rule violation). Plaintiff does not assert that he was denied any other procedural protections.

### C. False RVR Claim Possibly *Heck*–Barred

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state

5

prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81*; Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

It is unclear if Plaintiff seeks invalidation the "loss of good time credits," which he sought in his original complaint. This particular claim may be barred by *Heck v. Humpreys,* 512 U.S. 477 (1994). *Compare Edwards v. Balisok*, 520 U.S. 641, 646 (1987) (holding that § 1983 claim is not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); *See e.g., Cox v. Clark*, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); *McCoy v. Spidle*, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."). Plaintiff has been unable to cure this deficiency.

**D. Cell Search**

It is unclear if Plaintiff is challenging his cell search. Although the Fourth Amendment protects against unreasonable searches and seizures, this right has not been extended to searches of prison cells. The Supreme Court has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and

that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Therefore, Plaintiff fails to state a cognizable claim to the extent he complains about cell searches.

### E. California Code of Regulation Violations

Plaintiff alleges that Defendant Flores violated protocols for searching his cell and finding the cell phone.

Plaintiff cannot state a cognizable claim for violation of protocols. To the extent that Defendants have not complied with applicable state statutes or prison regulations, this deprivation does not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983. Accordingly, Plaintiff cannot maintain a § 1983 claim for violations of Title 15, other California law, or correctional protocols.

In addition, to the extent that Plaintiff seeks to bring claims based on a purported violation of Title 15, there is no independent cause of action for a violation of Title 15 regulations. *See*, *e.g., Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California

7

Code of Regulations); *Chappell v. Newbarth*, No. 1:16-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### F. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

### IV. Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 13, 2022**              /s/ Barbara A. McAuliffe          
                                   UNITED STATES MAGISTRATE JUDGE